# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSE MAURICE STINSON,

        Petitioner,  :       Case No. 3:25-cv-129

- vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

        :
        Respondent.

## DECISION AND ORDER REGARDING MAGISTRATE JUDGE JURISDICTION

This habeas corpus case, brought *pro se* by Petitioner Jesse Stinson pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Withdraw Consent of Magistrate Judge Jurisdiction pursuant to 28 U.S.C. § 636(c)(2) (ECF No. 27).

The undersigned is unaware of any consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) in this case. Any such consent becomes effective if, but only if, all parties consent. Only in that case would an assigned Magistrate Judge be notified of the consent and the case be referred under § 636(c).

This case was not referred to Magistrate Judge Gentry under § 636(c), but rather under § 636(b) and Amended General Order 22-05 which provides in pertinent part

> **Habeas Corpus Cases:** All non-capital cases filed on or after February 1, 2022, and seeking relief under 28 U.S.C. § 2241 or § 2254 shall be assigned to a District Judge resident at the seat of court

1

> where the case is filed and randomly assigned to one of the District's full-time Magistrate Judges or to recalled Magistrate Judge Michael R. Merz.  Each such case is hereby referred to the assigned Magistrate Judge for all purposes including deciding any matters classified by law as non-dispositive and filing a report and recommendation on all matters classified by law as dispositive.

(Available at ohsd.uscourts.gov.)  The Court's practice permits Magistrate Judges to transfer cases among themselves on mutual consent so as to help balance the Court's workload.  This case was transferred from Magistrate Judge Gentry to Magistrate Judge Merz upon their mutual consent, memorialized in the Transfer Order (ECF No. 19).

Petitioner objects to the transfer on the grounds it would not achieve any judicial economy (ECF No. 27, PageID 1233).  While the Court appreciates Petitioner's expression of confidence in Judge Gentry, allocation of judicial resources is not a matter for litigants to decide.  Allowing litigants to control assignment of Magistrate Judges under § 636(b) would encourage judge shopping which undermines the rule of law.

Petitioner's motion to reinstate the referral to Judge Gentry is DENIED.  His alternative request that all decisions in the case be made in the first instance by District Judge Rose is likewise denied.  District Judges have the authority to use Magistrate Judges in any of the ways authorized by 28 U.S.C. §636(b) and all the District Judges of this Court have decided to refer habeas corpus cases under that statute.

September 29, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
