# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSE MAURICE STINSON,

        Petitioner,   :        Case No. 3:25-cv-129

    - vs -                      District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                               :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Jesse Stinson pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations which recommends dismissal ("Report," ECF No. 29).

As required by 28 U.S.C. § 636(b)(1) and FED.R.CIV.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below.

The Report recommends dismissal of the Petition as barred by the statute of limitations and all its claims are procedurally defaulted.

1

**Statute of Limitations**

Because this case was filed after April 24, 1996, it is subject to the one-year statute of limitations enacted on that by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No. 104-132, 110 Stat. 1214) (the "AEDPA").  The statute begins to run on the latest to expire of four "triggering" dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In response to the limitations defense, Petitioner initially claimed the State's failure to furnish him with a trial transcript constituted an "impediment" to filing and that therefore the statute did not begin to run until that "impediment" was removed.  The Report rejected that claim (ECF No. 29, PageID 1251-52).  Petitioner does not object to that conclusion and the Court therefore adopts it.

Petitioner also argued for a start date "around December 15, 2021" when he allegedly discovered the "factual predicates" of his habeas claims.  The Report rejected this proposed

triggering date (ECF No. 29, PageID 1253-55). Petitioner does not object to this conclusion and the Court therefore adopts it.

Respondent argues for a trigger date under § 2244(d)(1), the date a conviction becomes final on direct appeal. Once the statute is triggered, it continues to run unless it is tolled by the pendency of a properly filed collateral attack. 28 U.S.C. § 2244(d)(2). Tolling under this statute is called "statutory tolling."

Respondent asserts Petitioner's conviction became final on December 7, 2015, the last day on which he could have timely appealed on direct review to the Supreme Court of Ohio. Respondent concedes statutory tolling under § 2244(d)(2) from May 18, 2015, until November 17, 2017; from February 27, 2018, until August 23, 2019; and from September 16, 2019, until December 6, 2019. Petitioner does not claim any statutory tolling which the Respondent has not conceded. Therefore, by December 7, 2019, the statute had run for 126 days, leaving Petitioner with 239 days in which to file.

However, another 1,959 days expired before he actually filed April 18, 2025. Petitioner claims that all of this time is equitably tolled. The Report rejected the equitable tolling argument because it was not delimited in time and not supported by scientific evidence (ECF No. 29, PageID 1255-59).

Petitioner objects in a number of ways. He notes that when his last statutory tolling event ended in December, 2019, "there were roughly seven months remaining until his AEDPA deadline." (Objections, ECF No. 31, PageID 1268). This accords with the Report's calculation of 239 days. During the following period he was prescribed various medications for various mental conditions. *Id.* Then "[a]round June 5th, 2021 the facility found petitioner to still be displaying extreme psychosis and other 'odd behaivoirs' [sic] but was able to care for himself enough to be

3

released back into population." *Id.* He was transferred to a higher security facility which placed him back on medication in May of 2022. *Id.* Then around January of 2023, he was taken off the mandatory medication regime at his request. *Id.* Petitioner summarizes this information as follows: "Petitioner clearly provided medical evaluations from 'competent Professionals' that spoke to the dismal medical and mental circumstances he faced up until filing."

He then criticizes the Report's fact finding:

> [T]he Magistrates failure to concede to or oppose the factual allegations muddies the possibilities of Appellate Review. *Miller v. Collins* 305 F.3d 491 495 6th Cir. 2002 ("Where the facts are not in dispute we review a district court's decision declining to apply equitable tolling de novo).
>
> Regardless of this court's findings, as to statutory tolling, of claims One through Six. Even at the latest of the statutory tolling dates, petitioner would still be roughly 300 days late. So, the finding of equitable tolling is that much more important. Petitioner would request the district to reject the mistaken factual findings and review the dismissal for incapacity/incompetence itself or return to the desk of the magistrate, with instructions to review based upon the correct facts.

(Objections, ECF No. 31, PageID 1269).

Petitioner's position seems to be that the Court must accept his statements of fact as true or else recommit the case for findings based on the "correct facts." The Court disagrees. The Report essentially concludes that even accepting Petitioner's allegations of mental illness as true, they do not justify equitable tolling for the almost 2,000 days between December 7, 2019, and the actual filing. Having reviewed the Report *de novo*, the Court agrees with its conclusion that Petitioner has not demonstrated entitlement to equitable tolling for the entire period. For example, Petitioner alleges he was prescribed Elavil for depression. While depression is a diagnosable mental ailment, the diagnosis does not prove the depressed person has been made incompetent and Petitioner has not said whether the Elavil worked or not. Petitioner is very vague about the time

4

and degrees of depression or intermittent psychosis. Was it every day and then disappeared?

More telling regarding Petitioner's competence to prepare and file legal matters is the State Court Record (ECF No. 12) which shows that Petitioner filed at least thirteen pleadings in the state courts between December 2016 and his filing here. Many of these, such as appellate briefs, required lengthy legal argument. How is it that Petitioner was able to prepare and file these documents but incompetent to proceed here?

Equitable tolling is to be granted only sparingly. *Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006). Petitioner has not shown entitlement to equitable tolling for the lengthy period which would be required to excuse his late filing.

**Procedural Default**

Respondent asserted all of Petitioner's claims were barred by his failure to fairly present them to the state courts. The Report applied the well-established standard for judging procedural default enunciated in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), and found that as to each Ground for Relief the state courts had applied a pre-existing rule of state law that was independent of federal law and appropriate for protecting a valid state interest. The Report concluded Respondent's position was well-founded and recommended dismissal on procedural default grounds.

Petitioner objects that the Report did not consider possible cause and prejudice to excuse his procedural defaults, but the burden of proving excusing cause and prejudice is on the petitioner and Petitioner does not cite any proffered proof of excusing cause.

For example, Petitioner's first Ground for Relief is his claim that he was denied a public

trial because the victim's mother left the courtroom after the Victim Witness Director recognized her temporary disability from knee replacement surgery and agreed to provide her copies of the video record so that she would not have to sit through trial. Petitioner first raised this claim in a second petition for post-conviction relief. Ohio Revised Code § 2953.23 precludes trial court jurisdiction to hear second post-conviction petitions in the absence of very limited conditions. The Report pointed out that this was a long-standing well-established state court procedural rule enforced against Petition in this case. Petitioner objects that this was a structural error which had to be recognized under *Weaver v. Massachusetts*, 582 U.S. 286 (2017). In *Weaver*, the Supreme Court held prejudice is not presumed when a defendant raises a violation of right to a public trial claim. It does not hold, as Petitioner seems to assert, that a public trial claim can be raised at any time regardless of state procedural rules which would bar it.

Petitioner raises other objections to the Report's procedural default analysis. He asserts, for example, that under Ohio law filing a motion for new trial is the same as filing an application for reopening an appeal under Ohio R. App. P. 26(B) (Objections, ECF No. 31, PageID 1273 (citing *State v. Bethel,* 167 Ohio St. 3d 362 (2022)). That is a complete misreading of *Bethel* which re-stated the standards for timeliness of new trial motions and did not touch upon the exclusive role of 26(B) applications, which is to raise claims of ineffective assistance of appellate counsel.

In general, Petitioner's Objections as to procedural default are confusing and not persuasive. The Court will not attempt a detailed analysis because the Petition is, in any event, barred by the statute of limitations.

**Conclusion**

Having review the Report *de novo* in light of the Objections, the Court finds the Objections are not well-taken and they are **OVERRULED**.  The Report is **ADOPTED**, and the Court directs the Clerk to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 3, 2025.

/s/ Thomas M. Rose
_____
Thomas M. Rose
United States District Judge